GEORGE M. AYLESWORTH, APPELLANT, *v.* DAVID B. ST. JOHN, RESPONDENT.

*Libel — judicial proceedings privileged — pertinancy and materiality — good faith.*

A communication directed to the County Court, and added to matter returned thereto by a justice of the peace on appeal from his judgment, and signed officially, is privileged if it be material and pertinent, irrespective of motive.

*Semble,* that if the justice believed in good faith that it was pertinent and material, then it is privileged, although he was mistaken in his belief.

Although in an action for libel there is no finding as to the defendant's belief, the appellate court will not, on an appeal taken on the judgment roll, without any case made, reverse the judgment because such fact is not found, there being nothing to show that it was not in fact proved.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee. The action was brought by the plaintiff to recover damages for a libel written concerning him by the defendant, who was a justice of the peace.

The plaintiff was an attorney-at-law, and acted as attorney for one Mary J. Brooks, against whom judgment was recovered before

the defendant as justice of the peace, and appealed from such judgment to the Otsego County Court.

In response to an order of the County Court requiring an amended return, the defendant made such return, adding thereto the alleged libel, which consisted in stating that the plaintiff had slipped a bogus answer among the justice's papers.

*H. M. Aylesworth* and *L. L. Bundy* for the appellant.

*O. F. Matterson* and *James A. Lynes* for the respondent.

LEARNED, P. J. :

The questions involved in this case are very ably discussed in the opinion of the learned referee.

After the defendant had made his return to the County Court, an order was made requiring an amended return and answers to several interrogatories. In response to this order the defendant answered the three interrogatories of the plaintiff in the original suit and signed his name and official title. Then he answered the four interrogatories of the defendant in the original suit, signing in like manner. Then he gave the testimony referred to in one of his answers. Then he proceeded : " To the County Court of the county of Otsego : I wish to say to the court in addition to my amended return," etc. Then followed the alleged libel ; and the whole is signed by the defendant with his official title.

Now, it seems quite plain that this writing was in the course of a judicial proceeding. It is directed to the County Court. It is signed officially, and it is additional to the amended return. If it had been added to the answer to the third interrogatory, it would have been undoubtedly a part of a judicial proceeding. That it is added farther on in the paper cannot change its character.

If, then, the alleged libel was a part of the defendants return, it was privileged if it were material and pertinent, irrespective of motive. (*Marsh* v. *Ellsworth*, 50 N. Y., 309.)

It is further to be noticed, that in the case last cited the court comment on the case of *White* v. *Carroll* (42 N. Y., 161), and state that the rule there laid down is that, in the case of judicial proceedings, if the alleged libel is in fact pertinent and material, it

is privileged; and, further, that if the person who utters it believes it in good faith to be pertinent and material, then it is privileged, although he was mistaken as to its pertinency and materiality, and that it is a question for the jury whether he so believed.

Applying that rule to this case, then, it seems that if the alleged libel was pertinent and material to the inquiry it was privileged; and, further, that if the defendant in fact believed it in good faith to be pertinent and material, then, also, it was privileged. Of course, in the latter case, evidence of actual malice would tend to show that the defendant did not believe the alleged libel to be pertinent and material.

Now, on this appeal there is no case. The appeal is taken simply on the judgment roll. (Code Civil Pro., § 998.) The plaintiff was nonsuited at the close of his evidence, which nonsuit was a decision that on the whole evidence, as it then appeared, the action could not be maintained. It may be a matter of doubt whether section 998, limited to exceptions taken under section 994, is quite applicable to a nonsuit. The question on a nonsuit is as to the effect of the whole of the evidence, not as to the correctness of the referee's conclusions on certain facts, which do not contain all the evidence.

At any rate, if the alleged libel was pertinent and material, or if the referee held, as matter of fact, on the plaintiffs showing that the defendant believed it to have been pertinent and material, it was privileged.

It is true that the referee makes no special finding as to the defendant's belief. But we do not understand that, on an appeal without a case made, we ought to reverse because some fact is not found by the referee which might really have been proved before him. And if we may be guided at all by the very able opinion of the referee, we find that he states that he thinks that, at least, the case fell under the class of " conditionally privileged " communications; " where the words are spoken in good faith and in the belief that they come within the discharge of a duty." (*Bradley* v. *Heath*, 12 Pick., 163; *Smith* v. *Higgins*, 16 Gray, 251; *White* v. *Carroll, ut supra.*)

The case, therefore, stands thus: The alleged libel was made in the course of a judicial proceeding, therefore it was privileged; first, if it was pertinent and material; or, second, if the defendant

in good faith believed it to be pertinent and material; and whether he did so or not is a question of fact. As we have not the testimony before us, we cannot say that the referee was not justified in holding that the defendant believed the alleged libel to have been pertinent and material. As in *White* v. *Carroll* (*ut supra*) the mode of answering and all the circumstances might determine this question of fact in the mind of the referee. If the appellant had thought that there was no evidence which could show the good faith of the defendant, he should have made a case. But we are asked to say that there was evidence enough to maintain the action, when we are not informed what the evidence was; and whether the referee held the alleged libel, being in a judicial proceeding, to be privileged because it was actually pertinent and material, or because the defendant in good faith believed it to be so, we are not informed.

We think, therefore, that the judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., not acting.

Judgment affirmed, with costs.